NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ROODELYN ANGRAND,                    :
                                     :     Civil Action No.: 09-1118 (FLW)
            Plaintiff,               :
                                     :     **Opinion**
    v.                               :
                                     :
PARAGON VILLAGE,                     :
                                     :
            Defendant.               :
_____  :

**WOLFSON**, **United States District Judge:**

      Presently before the Court is Defendant's Motion to Dismiss for failure to meet the 90-day statutory limitations period for bringing discrimination claims under Title VII and the Age Discrimination in Employment Act ("ADEA"), following receipt of an EEOC Right to Sue Letter. Alternatively, Defendant moves to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants in part and denies in part Defendant's motion to dismiss.

I.      FACTS AND PROCEDURAL HISTORY

      Plaintiff Roodelyn Angrand ("Angrand") alleges that he suffered discrimination at the hand of his former employer, Defendant Paragon Village ("Paragon"). Compl., ¶ II.A. Paragon is located in New Jersey. Id. at ¶ I.B. Despite Paragon being located in New Jersey, and Angrand alleging that a substantial part of Paragon's unlawful employment practices took place in New Jersey, Angrand filed charges with the New York State Division of Human Rights. Transfer Order dated Feb. 23,

1

2009, United States District Court for the Southern District of New York, Docket No. 09-cv-1654 ("Transfer Order"), Exh. 3 at 6 ("NY Human Rights Complaint").  It is not clear from the record upon what date this agency complaint was dismissed.

Subsequently, Angrand filed a similar complaint with the New York District Office of the Equal Employment Opportunity Commission ("EEOC").  Id., Exh. 3 at 5.  The EEOC issued a right to sue letter on September 22, 2008.  Id., Exh. 3 at 5.  Plaintiff filed suit on December 22, 2008 in the Southern District of New York by way of a form discrimination complaint.  Transfer Order at 1 n.1.  Angrand attached a copy of his NY Human Rights Complaint to his form complaint, directing that those allegations form the basis of his suit.[1]  Compl., ¶ II. E.  In light of Angrand's allegations that the discrimination took place primarily in New Jersey, the Southern District of New York transferred the suit to this court, on February 23, 2009, pursuant to 28 U.S.C. § 1406(a).  Transfer Order at 1.

In Angrand's complaint, he alleges that Paragon subjected him to unequal terms and conditions of employment and, ultimately, terminated his employment on account of his race, nationality, gender, and age.[2]  Angrand worked as a Certified Nurse Assistant ("CNA") for Paragon

---

[1] Paragon suggests, in its moving papers, that the Court should not consider the attached NY Human Rights Complaint in considering the motion.  To the contrary, "Third Circuit precedent provides that, when evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court may consider documents attached to the complaint if the claims are based upon those documents."  Hussain v. PNC Financial Services Grp., --- F.Supp.2d ----, 2010 WL 838252, *3 (D.Del. 2010) (citing Winter Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007)).  Such documents may include those filed as part of an EEOC discrimination claim.  Id.

[2] Angrand's form complaint does not check off the box for an age discrimination claim under the ADEA.  See Compl., ¶ II. D.  Later in the complaint, however, Angrand states that he filed an ADEA complaint before the EEOC.  It appears, therefore, that Angrand intends to pursue that claim before this court.  See id., ¶ III. C.  Accordingly, I will construe his complaint as asserting an age discrimination claim.

from April 2006 through February 2008. NY Human Rights Complaint at ¶ 2-11. He asserts that he was "treated differently then [sic] the way [other] female CNA's [sic]" were treated. Id. at ¶ 4. The example he provides is that he was sent home early from a shift while, the complaint intimates, other female CNAs were not. Id. The decision to send him home, he asserts, was made by Joanne Johnson, "a white woman" hired by Paragon in October of 2007 as the Director of Nursing. Id. at ¶ 3.

Just prior to his termination, Angrand alleges that the following events occurred. A "white and/or Hispanic Female" medical technician instructed him and another white and/or Hispanic female employee to accompany her into a patient's room. Id. at ¶ 5; ¶ 12. While in the room, the technician took a cell phone call. Id. at ¶ 6. Angrand and the other female employee waited while she completed her call. Id. After a few moments, the patient's daughter entered the room and said that her mother's room was "not a place to hang out." Id. at ¶ 7. The daughter then complained to Paragon's Assistant Director of Nursing, Joyce Doe, who was a "Black woman . . .originally from Kenya." Id. at ¶ 8. Ms. Doe "did not listen to anything [Angrand] had to say about [the] situation." Id. Shortly thereafter, Angrand was terminated by Joanne Johnson while the other two employees were not. Id. at ¶¶ 8-12. He was replaced, he asserts, with "two White female employees." Id. at ¶ 12.

Paragon filed the instant motion to dismiss on September 23, 2009. Angrand filed a letter requesting additional time to oppose the motion on October 7, 2009.[3] After no opposition was

---

[3] Angrand attached a document to his October 7th letter that is a restatement of his complaint allegations. At the top of the letter, an illegible phrase appears to read "This is my rebubal." (sic). Because this document contains no legal argument and is attached to a letter requesting additional time to oppose, I do not construe it as an opposition. In addition, and although the document is phrased similarly to a complaint, Angrand did not file it as an amended complaint.

3

received from Angrand by November 13, 2009, this court sent a letter on that date informing Plaintiff that the motion would be treated as unopposed if no opposition was received within ten days of the date of the letter. Plaintiff filed a second extension request, on December 28, 2009, but has not filed an opposition to date. The court has received no communications from Angrand since the second extension request.

II.     DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must view all allegations in the complaint in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). To satisfy the Rule 12(b)(6) standard, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To avoid dismissal, [the] complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff." See Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Conclusory allegations of liability will not suffice. Id. at 1950.

Where, as here, the plaintiff is *pro se*, the court must take care to construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); id. ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers ....") (internal quotation marks omitted). Nevertheless, "a litigant is not absolved from complying with Twombly and the federal pleading requirements merely because s/he proceeds *pro se*." Thakar v. Tan, 2010 WL 1141397, *2 (3d Cir. Mar. 25, 2010). In addition, "the Court must address the unopposed motion to dismiss on the merits" even though the plaintiff failed to oppose the motion.

---

Thus, the court will not treat it as such.

4

Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991); see Allen v. New Jersey, 2010 WL 715969, *3 (D.N.J. Mar. 1, 2010) (citations omitted).

    A.    *Statute of Limitations*

The Title VII statute of limitations bar is clear. "Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1)). Noticeably, it is the date of receipt that triggers the running of the limitations period—not the date the right to sue letter was mailed. For age discrimination claims brought under the ADEA, the same 90-day limitations period applies. See 29 U.S.C. § 626(e).

Angrand alleges that he received the EEOC dismissal on September 22, 2008. Assuming this to be true, his lawsuit should have been filed by December 22, 2008, *i.e.*, 90 days after the letter was received. Indeed, Angrand filed his complaint in the Southern District of New York on that date.

Nevertheless, Paragon argues that Angrand's complaint is untimely because it was not filed in *this* court until February 23, 2009, which is 150 days after he received the EEOC's dismissal letter. The Third Circuit has held, however, that

> when cases, timely filed in an improper forum within the limitations periods of the transferor and transferee forums, are transferred rather than dismissed pursuant to § 1406(a), the date of filing is the initial filing date in the transferor forum, even if the case is not docketed in the new forum until after the limitations period there has run.

Lafferty v. St. Riel, 495 F.3d 72, 82-83 (3d Cir. 2007). Thus, it is the date Angrand filed his suit in the Southern District of New York that controls for statute of limitations purposes. Because Angrand filed his suit there within the 90-day limitations period, it was timely filed. Accordingly, Defendant's motion to dismiss, on this basis, must be denied.

5

B. *Failure to State a Claim*

Paragon, alternatively, contends that Angrand's complaint fails to state a claim for which relief can be granted. As an initial matter, it is clear that Angrand's age discrimination claim must be dismissed because he has pled no facts that would support adverse employment actions based on his age. Under the ADEA, an employer is prohibited from discriminating against an employee on the basis of age. See 29 U.S.C. § 623(a). More specifically, a prima facie case of age discrimination consists of evidence that a plaintiff :

> (1) is a member of a class protected by the antidiscrimination law; (2) was performing his job at a level that met his employer's legitimate expectations; (3) was discharged, and (4) was replaced by someone sufficiently younger to give rise to an inference of unlawful age discrimination.

Warner v. Federal Express Corp., 174 F.Supp.2d 215, 219 (D.N.J. 2001). While not required to prove these elements at the pleading stage, a plaintiff must plead facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted). Angrand has not pled facts related to any of these elements, hence his age discrimination claim cannot succeed and Defendant's motion to dismiss the age discrimination claim is granted.

Regarding Angrand's Title VII claim, he asserts that he suffered discrimination based on his race, color, sex, and/or national origin. Title VII bars employment discrimination based on any of these grounds. See 42 U.S.C. § 2000e-2(a) (1). There are few published cases in this Circuit applying the Supreme Court's recent formulation of the pleading standard, in Twombly, in the Title VII context. Indeed, the Third Circuit has acknowledged that "the quantum of facts that a

discrimination complaint should contain may bear further development." Guirguis v. Movers Spec. Svcs. Inc., 346 Fed.Appx. 774, 776 (3d Cir. 2009). What is clear, however, is that a complaint must do more than "formulaically" recite the elements of the cause of action, Twombly, 550 U.S. at 555; Duran v. Equifirst Corp., 2010 WL 918444, *3 (D.N.J. Mar. 12, 2010), or put forth bare legal conclusions, Iqbal, 129 S.Ct. at 1949; Guirguis, 346 Fed.Appx. at 776 n.6.

Reading the allegations in the light most favorable to Angrand, I conclude that they do more than recite elements or make bare legal conclusions. The complaint clearly asserts that Angrand is a member of several protected classes as a "Black man . . . from Haiti." He was qualified for the position, the complaint asserts, because he had been employed by Paragon since 2006. According to the complaint, he was subjected to two adverse employment actions–being sent home early without pay and later terminated. While the former in and of itself may not constitute an adverse employment action, the latter clearly does. See Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 319 (3d Cir. 2008) (noting that Title VII prohibits unlawful "discharge") (citations omitted).

Finally, the alleged circumstances surrounding Angrand's termination raise an inference of discrimination. Specifically, the complaint alleges, Angrand and another white and/or Hispanic female waited for a white and/or Hispanic medical technician to complete a cell phone call while in a patient's room. Of the three, only he was fired for "what happened in [the patient's] room ...." While the complaint also asserts that Assistant Director of Nursing Joyce Doe, "a Black woman . . . from Kenya," failed to consider Angrand's side of the story, it was Director of Nursing Joanne Johnson, a white woman, who allegedly terminated Angrand on the basis of his race, color, sex,

7

and/or national origin. Taken together, these allegations raise an inference of discrimination based on the protected classes to which Angrand belongs.[4]

Paragon asserts in its moving papers that "Angrand was terminated from employment for legitimate, documented job performance reasons." Def. Open. Br. at 5. Yet, Paragon has not requested that this motion be converted to one for summary judgment, at which point Paragon would be entitled to assert a legitimate business reason for Angrand's termination as part of the McDonnell Douglas burden-shifting paradigm. See Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009) (discussing "the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 . . . (1973)"). At this stage in the litigation, Angrand need only allege enough facts to give Paragon "fair notice of what the ... claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Twombly, 127 S.Ct. at 1964). See also Fowler, 578 F.3d at 213 ("[A] plaintiff is not required to establish the elements of a *prima facie* case [at the pleading stage] ...."); Wilkerson, 522 F.3d at 318 ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

---

[4] Indeed, these allegations are reflective of a prima facie case of discrimination under Title VII. A prima facie case of discrimination consists of evidence that:

> 1) [the plaintiff] belongs to a protected class; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action was under circumstances giving rise to an inference of discrimination.

Martinez v. Int'l Broth. of Elec. Workers-IBEW Local Union No. 98, 352 Fed.Appx. 737, 740 (3d Cir. 2009) (citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003)). Though not required to prove the prima facie case at this stage, Angrand has "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the[se] necessary element[s]." Fowler, 578 F.3d at 213 (citation omitted).

(1974) abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  His Title VII allegations sufficiently do that.

In sum, Angrand's age discrimination claim is dismissed but his Title VII discrimination claim stands.  The age discrimination claim is dismissed without prejudice and Angrand is granted leave to amend for "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  Phillips, 515 F.3d at 236.  This rule applies "even if the plaintiff does not seek leave to amend."  Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n.10 (3d Cir. 2010).  As noted, Angrand failed to file an opposition after twice requesting additional time to oppose; nevertheless, I have not discerned any bad faith or other inequitable conduct on his part.  Plaintiff has twenty (20) days to amend his complaint.  Failure to amend the complaint within this time frame will result in dismissal with prejudice of the age discrimination claim.

III.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, without prejudice, as to Plaintiff's ADEA claim but DENIED as to his Title VII claim.


Dated: April 22, 2010                                              /s/ Freda L. Wolfson
                                                                   Freda L. Wolfson, U.S.D.J.